STATE OF NEBRASKA, APPELLEE, v. MARK ANTHONY
SELMAN, APPELLANT.

285 N. W. 2d 832

Filed December 4, 1979. No. 42685.

Stephen A. Scherr, for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

Upon a plea of nolo contendere to shooting with intent to kill, wound, or maim, the defendant, Mark Anthony Selman, was sentenced to imprisonment for 3 to 8 years. He has appealed and contends the trial court erred in not transferring the case to the juvenile court, in overruling his plea in abatement, and that the sentence imposed was excessive.

The defendant was 14 years of age at the time the offense was committed. The record shows that the defendant ran away from his home in Hastings, Nebraska, on November 15, 1978, taking his father's car and a shotgun. Later that same day he was discovered hiding in a culvert near Culbertson, Nebraska. The matter was reported to the chief of police of Culbertson who then went to the culvert area to apprehend the defendant.

After the chief of police had identified himself he approached the defendant. The defendant replied, "I am going to blow your head off." He then fired the shotgun at the chief of police, twice striking him

in the face. The chief of police returned the fire, shooting over the defendant's head and at his legs several times. The defendant shot at the chief of police several more times and then drove away in the chief's automobile.

A state patrolman located the defendant west of McCook, Nebraska, and followed the defendant west on county roads and then south on highway 17. A roadblock had been set up by a deputy sheriff on highway 17 approximately 6.4 miles north of the Kansas line. When the defendant approached the roadblock, the deputy sheriff motioned the defendant to stop. The defendant did not stop but fired 2 or 3 times at the deputy as he passed the roadblock.

At a point approximately 1 mile north of the Kansas line, the defendant fired at the state patrol vehicle which was following him. The defendant continued into Kansas where the car broke down and he was apprehended.

The defendant was originally charged with stealing the automobile owned by the chief of police and three counts of shooting with intent to kill, wound, or maim. Pursuant to a plea bargain the defendant pleaded "no contest" to the charge of shooting at the chief of police with intent to kill, wound, or maim, and the other counts were dismissed.

After the defendant had been arraigned in the District Court he moved to transfer the case to the juvenile court. Following an evidentiary hearing the motion was overruled.

It is unnecessary to discuss in detail the evidence which was received at this hearing. The record shows the defendant had been before the juvenile court on a number of occasions and had been committed to the Nebraska Center for Children and Youth in 1976 and the Youth Development Center-Kearney in 1977. The record shows compliance with the requirements of section 43-202.01, R. R. S. 1943, and does not support the defendant's contention that

his case should have been transferred to the juvenile court. The ruling on the motion to transfer was not erroneous.

The plea in abatement was based upon the fact that the defendant was surrendered to Nebraska authorities by the Kansas authorities without extradition. In this respect the record shows the defendant was not threatened, abused, or mistreated in any way. The defendant was brought to the state line by Kansas authorities and then voluntarily walked across the state line into Nebraska and surrendered to the sheriff of Hitchcock County, Nebraska.

The applicable rule was stated in State v. Costello, 199 Neb. 43, 256 N. W. 2d 97, as follows: "The 'power of a court to try an accused is not impaired by the fact that officers used unlawful force or deception to bring him from another jurisdiction to the trial.' Maddox v. Sigler, 181 Neb. 690, 150 N. W. 2d 251 (1967)." The plea in abatement was properly overruled.

The defendant is now 15 years of age. He has been in various special education programs and institutions. The psychiatric evaluations which have been performed show that the defendant functions intellectually in the average to slightly below average range, and at about the 7th grade level. He is undisciplined and has little control of himself. He has a long history of impulsive, violent, and destructive behavior, but is not mentally ill in the sense that he is psychotic or amenable to treatment. He functions at about an age level of 4 emotionally. He is dangerous both to himself and other people and requires close supervision and constant monitoring.

The report from the last evaluation recommended placement in a confinement facility. The psychiatrist who testified at the hearing on the motion to transfer the proceeding to the juvenile court was unable to recommend any treatment program or existing institution in Nebraska as a place where the de-

fendant might be confined. He did not believe the defendant should be placed in a mental institution or the Youth Development Center-Kearney. He did not recommend placement in the men's reformatory because he believed the defendant would provoke retaliation from other inmates.

It is apparent from the record that the defendant in this case must be confined. The only appropriate and available place of confinement is the penal complex. The term of imprisonment imposed was not excessive in view of the violent nature of the offense and the defendant's past record. The recommendation of the trial court that the defendant be permitted to serve his sentence at the Youth Development Center-Kearney until he becomes 16 years of age and that at some time he be placed in an Arizona rehabilitation facility was advisory only.

The judgment of the District Court is affirmed.

AFFIRMED.